# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 7 Liquidation |
| ) | |
| STANLEY BERG, ) | **CASE NO. 05 B 58649** |
| ) | |
| Debtor. ) | The Honorable Jack B. Schmetterer, Presiding |
| ) | |
| RONALD R. PETERSON, not individually, but solely as chapter 7 trustee for the bankruptcy estate of Stanley Berg, ) ) ) ) ) | |
| Plaintiff, ) | Adv. No. 06 A 01026 |
| ) | |
| v. ) | |
| ) | |
| STANLEY BERG, INGRID BERG, MICHAEL FRISBIE, WILSHIRE CREDIT CORP., BHAGVAN PATEL, LEONARD ROTHMANN, GARY TUCKER, EHOME CREDIT CORP. and the ROTHMANN/TUCKER TRUST, ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## FINAL JUDGMENT ORDER (COUNTS I THROUGH X)

Pursuant to Findings of Fact and Conclusions of Law (Docket No. 363), made and entered herein, IT IS HEREBY ORDERED, ADJUDGED and DECLARED:

1. As to Count I, judgment is entered in favor of Ronald R. Peterson as trustee (hereinafter the "Trustee") for the bankruptcy estate (the "Estate") of Stanley Berg (the "Debtor"), and IT IS ORDERED AND ADJUDGED THAT the mortgage naming Michael Frisbie as mortgagee recorded against the property known as 2205 Kipling Lane, Highland Park, Illinois (hereinafter the "Property") on March 5, 2001 is declared invalid and avoided as to the Estate's undivided one-half interest in the Property.

2. As to Counts II and III, judgment is entered in favor of the Trustee, and IT IS ORDERED AND ADJUDGED THAT the mortgage naming eHome Credit Corp as mortgagee recorded against the Property on November 30, 2005 is avoided as to the Estate's undivided one-half interest in the Property, and eHome is not entitled to a replacement lien on the property of the Estate under § 550(c).

3. As to Count IV, judgment is entered in favor of the Trustee, and IT IS ORDERED AND ADJUDGED THAT title to the Property is quieted in favor of the Estate as to an undivided one-half interest in the Property.

4. As to Count V, judgment is entered in favor of the Trustee, and IT IS ORDERED AND ADJUDGED THAT neither Gary Tucker ("Tucker"), Bhagvan Patel, Leonard Rothmann, nor the Rothmann/Tucker Trust ever received any interest in the Debtor's one-half interest in the Property.

5. As to Count VI, judgment is entered in favor of the Trustee, and IT IS ORDERED AND ADJUDGED THAT the April 3, 2005 Quitclaim Deed is avoided pursuant to 11 U.S.C. § 548.

6. As to Count VII, judgment is entered in favor of the Trustee and IT IS ORDERED AND ADJUDGED THAT the April 3, 2005 Quitclaim Deed purporting to transfer the Debtor's interest in the Property to Tucker is vacated and set aside.

7. As to Count VIII, judgment is entered in favor of the Trustee, and IT IS ORDERED AND ADJUDGED THAT the Debtor's discharge is denied pursuant to 11 U.S.C. § 727(a)(2) and (3).

8.      As to Count IX, judgment is entered in favor of the Trustee, and IT IS ORDERED AND ADJUDGED THAT Tucker must turn possession of the Property over to the Trustee within 14 days of the entry of this Judgment and Order.  Jurisdiction is reserved to enforce this Judgment.

9.      As to Count X, judgment is entered in favor of the Trustee, and IT IS ORDERED AND ADJUDGED THAT the Trustee is permitted to sell the Property pursuant to 11 U.S.C. § 363(b) and (h).  One-half of the net proceeds of such sale will be retained by the Trustee for benefit of the Estate, and one-half of the net proceeds will be property of Ingrid Berg, not property of the Estate.  Ingrid Berg's share of the sale proceeds will be subject to valid liens, if any, that are asserted by the various defendants.  Her share of the proceeds of the Property will be deposited by the Trustee into the hands of a neutral custodian (as may be agreed by the parties, or failing agreement, as may be ordered by further order for which jurisdiction is reserved) to be held thereafter subject to adjudication of such lien claims by a nonbankruptcy court to determine the various claims against her interest in such proceeds.  Such lien or other claims against Ingrid Berg or against her share of the net proceeds of the Property have not been adjudicated herein.

10.     As to all claims between the defendants in this proceeding that are not adjudicated hereinabove, IT IS ORDERED that those claims are DISMISSED without prejudice for lack of subject matter jurisdiction.

11. There is no just reason to delay enforcement of appeal of this Order or any judgments pronounced herein.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated and entered this 15th day May 2008.