UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| BERG, STANLEY | § | Case No. 05-58649 JBS |
| | § | |
| Debtor(s) | § | |

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

    Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that RONALD R. PETERSON, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

    The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
                    CLERK OF THE U.S. BANKRUPTCY COURT
                    KENNETH S. GARDNER
                    219 S. Dearborn St.
                    Chicago, IL 60604

    Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:30 AM on 10/27/2011 in Courtroom 682,
                    UNITED STATES BANKRUPTCY COURT
                    219 S. Dearborn St.
                    Chicago, IL  60604
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

    The debtor has not been discharged.

| | |
|---|---|
| Date Mailed:  09/27/2011 | By: UNITED STATES BANKRUPTCY COURT |
| | Clerk |

*RONALD R. PETERSON*
*JENNER & BLOCK LLP*
*353 N. CLARK STREET*
*CHICAGO, IL 60654-3456*

**UNITED STATES BANKRUPTCY COURT**
NORTHERN **DISTRICT OF** ILLINOIS
EASTERN **DIVISION**

| In re: | § | |
| --- | --- | --- |
| | § | |
| | § | |
| BERG, STANLEY | § | Case No. 05-58649 JBS |
| | § | |
| Debtor(s) | § | |

**SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION**

The Final Report shows receipts of                                 $

and approved disbursements of                                      $

leaving a balance on hand of[1]                                    $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
| --- | --- | --- | --- |
| Trustee Fees: RONALD R. PETERSON | $ | $ | $ |
| Trustee Expenses: RONALD R. PETERSON | $ | $ | $ |
| Attorney for Trustee Fees: JENNER & BLOCK LLP | $ | $ | $ |
| Attorney for Trustee Expenses: JENNER & BLOCK LLP | $ | $ | $ |
| Accountant for Trustee Fees: ALAN D. LASKO | $ | $ | $ |
| Accountant for Trustee Expenses: ALAN D. LASKO | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses                    $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

Remaining Balance                                                                    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Glenn R Barmann Trustee for State Line Plastics c/o William D Anthony 20 N Wacker Drive Ste 2520 Chicago, Il 60606 | $ | $ | $ |
| 000002 | American Express Centurion Bank c/o Becket and Lee LLP POB 3001 Malvern PA 19355-0701 | $ | $ | $ |
| 000003 | Chase Bank USA, N.A. c/o Weinstein & Riley, P.S. 2101 4th Avenue, Suite 900 Seattle, WA, 98121 | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000004 | American Express Travel Related Services Co Inc c/o Becket and Lee LLP POB 3001 Malvern PA 19355-0701 | $ | $ | $ |
| 000005 | CAPITAL ONE BANK C/O TSYS DEBT MGMT PO BOX 5155 NORCROSS , GA 30091 | $ | $ | $ |
| 000006 | U.S. Department of Labor Office of the Solicitor 230 S. Dearborn, Room 844 Chicago, IL 60604 Attn.: Karen L. Mansfield | $ | $ | $ |
| 000007 | Michael Frisbie 10 Trafalgar Road Lincolnshire Road Lincolnshire, IL 60069-3003 | $ | $ | $ |
| 000008 | Citibank USA NA DBA The Home Depot P O Box 9025 Des Moines, IA 50368 | $ | $ | $ |
| 000009 | Saxon Mortgage 1270 Northland Dr Ste 200 Mendota Heights, MN 55120 | $ | $ | $ |
| 000010 | KORMAN/LEDERER Management Co as agent 3100 DUNDEE AVE SUITE 116 NORTHBROOK, IL 60062 | $ | $ | $ |
| 000011 | MBNA AMERICA BANK NA Mailstop DE5-014-02-03 P O Box 15168 Wilmington, DE 19850 | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance                                              $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/Ronald R. Peterson
Trustee

*RONALD R. PETERSON*
*JENNER & BLOCK LLP*
*353 N. CLARK STREET*
*CHICAGO, IL 60654-3456*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.